## ALONZO v. LOEB et al.

(Circuit Court of Appeals, Fifth Circuit. May 7, 1925.)

No. 4499.

Contracts ⊜75(2)—Contract for services held not invalid for want of consideration.

A contract for services to be rendered by plaintiff, which provided that he should receive a stated sum in payment for all services "in connection with this entire matter," did not render invalid for want of consideration a subsequent contract to pay him for further services relating to the same subject-matter, made after the first contract had been fully performed.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by Ernest M. Loeb against Edouard Fernandez Alonzo and Joseph W. Berengher, partners as E. Fernandez & Co. Judgment for plaintiff, and defendant Alonzo brings error. Affirmed.

J. Marshall Quintero and Edwin T. Merrick, both of New Orleans, La. (Ralph J. Schwarz, of New Orleans, La., on the brief), for plaintiff in error.

Philip S. Gidiere, of New Orleans, La. (Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., on the brief), for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and BARRETT, District Judge.

BARRETT, District Judge. The alleged error is made clear by this summary of the petition and evidence sustaining the same:

On February 6, 1922, E. Fernandez &

Co., a firm composed of Edouard Fernandez Alonzo and Joseph W. Berengher, contracted with a man named Bourse in the city of Mexico to purchase 110,000 bags of garbanzo peas at a cost of approximately $1,000,-000; a part of the contract of purchase being that an embargo should be enforced by Mexico upon the export of any other garbanzo peas up to December 1, 1922. Fernandez & Co. were unable to finance such transaction, and employed Mr. Ernest M. Loeb to assist them in effecting the necessary financial arrangements. This he did with the Commercial Credit Company of Baltimore. The contract provided for the payment to Loeb of "a flat commission of twenty-five cents (.$.25) per bag on one hundred and ten thousand (110,000) bags of garbanzos, minimum twenty-seven thousand five hundred dollars ($27,500), which is in lieu of all services of said Ernest M. Loeb in connection with this entire matter."

The garbanzos were shipped into this country with unexpected celerity, and sales by Fernandez & Co. were slow, with the result that the Commercial Credit Company became apprehensive that the garbanzos would become infected with weevils, and the market value of the garbanzos would greatly depreciate with the expiration of the embargo, and it threatened to sell the garbanzos under a summary proceeding. Fernandez & Co. realized that this would mean disaster to them, changing an expected profit of some $400,000 into a loss. Fernandez & Co. employed Loeb at a stipulated compensation of $12,500 to dissuade the Commercial Credit Company from executing its threat. This Loeb succeeded in doing, with a profit resulting to Fernandez & Co. from the transaction of some $250,000. In order to accomplish this it was necessary for Loeb to ascertain by inspection that the threat of weevils could be guarded against by fumigation, and by a trip to Cuba that a continuing market for the garbanzos would exist there, and to convince the Commercial Credit Company of the correctness of such conclusions. $5,-000 of the $12,500 has been paid.

Berengher, one of the partners, admits liability for the remaining $7,500. Alonzo, the other partner, denies liability, claiming that the original contract provided that the $27,-500 paid thereunder was "in lieu of all services of said Ernest M. Loeb in connection with this entire matter," that the services rendered under the second contract were "in connection with this entire matter," and that such second contract was a nudum pactum.

The objects sought to be accomplished by the two contracts, and the matters in the contemplation of the parties when made, were different. The object of the first contract had been accomplished before the second contract was made. The services rendered by Loeb under the second contract were in no way involved in the first contract. Such second contract was not a nudum pactum, and the verdict of $7,500 was proper.

The judgment is affirmed.